UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Herman Lee Wolfe, | ) | C/A: 2:15-2117-DCN-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| vs. | ) | |
| | ) | |
| Carlisle S. Carter, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

This is a civil action filed by the Plaintiff, Herman Lee Wolfe, pro se, and is before the Court for pre-service review. See 28 U.S.C. § 1915(e)(2)(B); In re Prison Litigation Reform Act, 105 F.3d 1131, 1134 (6th Cir. 1997)[pleadings by non-prisoners should also be screened]. Under established local procedure in this judicial district, a careful review has been made of the pro se complaint herein pursuant to the procedural provisions of § 1915 and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Corr., 64 F.3d 951 (4th Cir.1995) (en banc); and Todd v. Baskerville, 712 F.2d 70 (4th Cir.1983).

Section 1915 permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. However, to protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. at 31. Hence, under § 1915(e)(2)(B),

a claim based on a meritless legal theory may be dismissed sua sponte. Neitzke v. Williams, 490 U.S. 319. Further, while this Court is also required to liberally construe pro se documents, holding them to a less stringent standard than those drafted by attorneys, Erickson v. Pardus, 551 U.S. 89, 94 (2007)(quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir.1990). Such is the case here.

### Discussion

On a standard complaint form, Plaintiff alleges:

> The claim is a Trust has been completed by me accepting an acknowledgment of Deed that I granted[.] I have filed GSA Form[s] 91, 90, 24, 25, 25A and 28 in order to obtain Land Patent[.] Carter, Carlisle S., the defendant[,] obtained legal title to property known as 932 Saint Mark Bowman Rd., Saint George, SC 29477, through a tax sale auction by the County of Dorchester Tax Assessment Office[.]

Complaint, ECF No. 1 at 3. Plaintiff requests that the court "[g]ive declaratory judgment of my Acceptance and Acknowledgment of the Deed and Declaratory Judgment that I have given proper notice of Land Patent." Id. at 5. Plaintiff also attached a pleading titled "FEDERAL COMPLAINT" in which he asserts that he has initiated an administrative procedure to retain property, as part of that procedure he is required to file a "notice of Land Patent into the Federal Court," and he is required to do an acknowledgment and acceptance of the deed. He alleges that he has now accepted a deed for the land, the trust has been delivered, and the contract is complete. Attachment to Complaint, ECF No. 1-1 at 1-2.



2

The Complaint filed in this case is subject to summary dismissal without service of process because it fails to state a claim which this Court may consider under its federal question jurisdiction, see 28 U.S.C. § 1331, or its diversity jurisdiction, see 28 U.S.C. § 1332. Plaintiff's allegations do not state an action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1131.

Plaintiff has not presented any basis for federal question jurisdiction other than vague allegations concerning a "Land Patent." A land patent is "[a]n instrument by which the government conveys a grant of public land to a private person." Black's Law Dictionary 1156 (8th ed. 2004). Here, Plaintiff has not shown a grant of a land patent by the government, but instead appears to attempt to grant himself such a patent (see ECF No. 1-1 at 4-5). Courts addressing land patent claims have found them not to be a sufficient basis for federal jurisdiction and have found such complaints to be frivolous. See, e.g., Oneida Indian Nation of N.Y. v. Oneida Cnty., N.Y., 414 U.S. 661, 676-77 (1974)["Once patent issues, the incidents of ownership are, for the most part, matters of local property law to be vindicated in local courts, and in such situations it is normally insufficient for 'arising under' jurisdiction merely to allege that ownership or possession is claimed under a United States patent."]; Thompkins-El v. Wells Fargo Bank Minn., C/A No. 05-74715, 2006 WL 2433438, at *3 (E.D.Mich. Aug. 22, 2006)[Noting that "[l]and patents are essentially deeds that document a transfer in ownership from the Federal Government to individuals that purchase public land," a land patent created by the plaintiffs themselves had "absolutely no legal affect on the ownership of the land in question," "any claim to superior title to the land in question because of the so-called land patent is frivolous," and the plaintiffs' claims based on such a document lacked merit]; Hilgeford v. Peoples Bank, 607 F.Supp. 536 (E.D.Mich. 1985), aff'd, 776 F.2d 176 (7th Cir.



3

1985)["land patent" which the plaintiffs drafted and signed themselves and recorded did not involve or concern "public land" of the United States and could not serve as basis for federal question jurisdiction].

Plaintiff may be attempting to state a constitutional claim under 42 U.S.C. § 1983, which would constitute "federal question" jurisdiction. In order to state a cause of action under § 1983, a plaintiff must allege that: (1) the defendant deprived him of a federal right, and (2) did so under color of state law. American Mfr. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Gomez v. Toledo, 446 U.S. 635, 640 (1980); see also Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980). There is no allegation that Defendant acted under color of state law. Defendant appears to be a private citizen and there is no allegation that Defendant is a public employee. Purely private conduct such as that alleged in this case, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983, or under the Fourteenth Amendment, the two most common provisions under which persons come into federal court to claim that others have violated their constitutional rights. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1983); Burton v. Wilmington Parking Auth., 365 U.S. 715, 721 (1961).

Because the United States Constitution regulates only the government, not private parties, a litigant asserting a § 1983 claim that his constitutional rights have been violated must first establish that the challenged conduct constitutes "state action." See, e.g., Blum v. Yaretsky, 457 U.S. 991, 1002 (1982). To qualify as state action, the conduct in question "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and "the party charged with the [conduct] must be a person who may fairly be said to be a state actor." Lugar, 457 U.S. at 937; see U. S. v. Int'l

4

Bhd. of Teamsters, Chauffeurs, Warehousemen and Helpers of Am., AFL-CIO, 941 F.2d 1292 (2d Cir. 1991). Although a private individual or corporation can act under color of state law, his, her, or its actions must occur where the private individual or entity is "a willful participant in joint action with the State or its agents." Dennis v. Sparks, 449 U.S. 24, 27-28 (1980). There is no allegation here to suggest that Defendant's actions were anything other than purely private conduct. Thus, Plaintiff fails to state a claim under § 1983.

Even if Defendant is a state actor, the only mention of Defendant is that he obtained legal title to the property through a tax sale auction by the County of Dorchester Tax Assessment Office. ECF No. 1 at 3. Thus, Plaintiff's Complaint, on its face, does not state a plausible, non-frivolous § 1983 claim, because the Complaint fails to include sufficiently clear factual allegations against Defendant of any personal responsibility or personal wrongdoing in connection with any alleged violations of any of Plaintiff's constitutionally protected rights. Thus, Plaintiff's Complaint is in violation of the directive in Federal Rule of Civil Procedure 8(a) that pleadings shall contain "short and plain statement[s]" of the basis for the court's jurisdiction and of the basis for a plaintiff's claims against each defendant. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)[requiring, in order to avoid dismissal, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"].

Plaintiff references land recorded in the RMC Office for Dorchester County in Book 1475, Page 190. However, this record indicates a payment of $25,000 by First National Bank for the land in question in 1995. See Dorchester County, South Carolina Register of Deeds, http://webapp.dorchestercounty.net/RMC/RODSearch.aspx (search Book 1475, Page 190). This

appears to relate to a foreclosure action by First National Bank against Plaintiff in case number 1995-CP-18-00060.[1] See Dorchester County First Judicial Circuit Public Index, http://publicindex.sccourts.org/Dorchester/PublicIndex/CaseDetails.aspx?County=18&CourtAgency=18002&Casenum=1995CP1800060&CaseType=V (last visited Aug. 4, 2015).

Additionally, records from Dorchester County indicate that there are state court actions involving Plaintiff and Defendant which are either closed (2014-CV-1810-10-0389) or have appeals pending (2015-CP-18-00997, 2015-CV-18-10-100125). See id., http://publicindex.sccourts.org/Dorchester/PublicIndex/CaseDetails.aspx?County=18&CourtAgency=18101&Casenum=2014CV1810100389&CaseType=V; http://publicindex.sccourts.org/Dorchester/PublicIndex/CaseDetails.aspx?County=18&CourtAgency=18002&Casenum=2015CP1800997&CaseType=V; http://publicindex.sccourts.org/Dorchester/PublicIndex/CaseDetails.aspx?County=18&CourtAgency=18101&Casenum=2015CV1810100125&CaseType=V (last visited Aug. 4, 2015). To the extent that Plaintiff is attempting to appeal state court proceedings to this Court, he may not do so. Federal district courts do not hear "appeals" from state court actions. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476-82 (1983)[a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257]; Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). Thus, Plaintiff may not use a civil rights action to challenge the determinations or rulings

---

[1]This Court may take judicial notice of factual information located in postings on government websites. See Tisdale v. South Carolina Highway Patrol, C/A No. 0:09–1009–HFF–PJG, 2009 WL 1491409, *1 n. 1 (D.S.C. May 27, 2009), aff'd 347 F. App'x 965 (4th Cir. Aug. 27, 2009); In re Katrina Canal Breaches Consolidated Litigation, No. 05–4182, 2008 WL 4185869 at * 2 (E.D.La. September 8, 2008)[noting that courts may take judicial notice of governmental websites including other courts' records].



6

of state courts. See Anderson v. Colorado, 793 F.2d 262, 263 (10th Cir.1986) ["[I]t is well settled that federal district courts are without authority to review state court judgments where the relief sought is in the nature of appellate review."]. Further, "litigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits." Brinkmann v. Johnston, 793 F.2d 111, 113 (5th Cir. 1986); see also Wise v. Bravo, 666 F.2d 1328, 1333 (10th Cir.1981); Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587–588 & nn. 2–4 (4th Cir. 1969) [holding that federal district courts and United States Courts of Appeals have no appellate or supervisory authority overstate courts].

A district court also may have jurisdiction of a civil action "where the matter in controversy exceeds the sum or value of $75,000...and is between–(1) citizens of different States...". 28 U.S.C. § 1332. However, Plaintiff has not alleged complete diversity of the parties. See Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 372-374 (1978) [Complete diversity of parties means that no party on one side may be a citizen of the same State as any party on the other side]. Plaintiff and Defendant both appear to be citizens of South Carolina as Plaintiff has listed South Carolina addresses for both parties. See ECF No. 1 at 2.

To the extent Plaintiff alleges a claim under state law, federal courts are allowed to hear and decide state-law claims only in conjunction with federal-law claims, through the exercise of "supplemental jurisdiction." See 28 U.S.C. §1367; Wisconsin Dep't of Corrs. v. Schacht, 524 U.S. 381, 387 (1998). Since Plaintiff has asserted no valid federal claim, this Court cannot exercise "supplemental" jurisdiction over Plaintiff's state law claims, if any. See Lovern v. Edwards, 190 F.3d 648, 655 (4th Cir. 1999) ["[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants"].

7

Alternatively, this action should be dismissed pursuant to Rule 41 for Plaintiff's failure to comply with an order of this Court and for his failure to prosecute this action. When Plaintiff filed his action, he failed to provide all items necessary to bring the case into proper form for service. Therefore, Plaintiff was given twenty-one days to bring his Complaint into proper form by completing, signing, and returning a Form USM-285 for Defendant and submitting fully completed and signed pro se party's answers to Rule 26.01 interrogatories.[2] Plaintiff was specifically admonished that if he failed to provide the items specified within the period prescribed in the Order, the case may be dismissed for failure to prosecute and failure to comply with an order of this court under Rule 41 of the Federal Rules of Civil Procedure. See ECF No. 9; In Re: Procedures in Civil Actions Filed by Non-Prisoner Pro Se Litigants, No. 3:07-mc-5015-JFA.

However, notwithstanding the specific notice and instructions as set forth in the proper form order, Plaintiff failed to complete his proper form process, or contact the Court in any way. Defendant has not been served. Therefore, this action is also subject to dismissal, without prejudice, for the failure of Plaintiff to comply with this Court's order or to properly prosecute his claims. See Fed. R. Civ. P. 41(b); Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978); Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir. 1982); Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989), cert. denied sub nom., Ballard v. Volunteers of Am., 493 U.S. 1084 (1990) [Magistrate judge's prior explicit warning that a recommendation of dismissal would result from the plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when the plaintiff did not comply despite warning].

---

[2] Plaintiff submitted partially completed answers to Rule 26.01 interrogatories. ECF No. 3.

## Recommendation

Based on the foregoing, it is recommended that the Court dismiss Plaintiff's Complaint without prejudice and without issuance and service of process.

Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

August __6__, 2015
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).



p10